# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1878
Lower Tribunal No. 25-12418-CA-01
_____

**Steve Morales,**
Appellant,

vs.

**Reservoir Media Management, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Steve Morales, in proper person.

Vedder Price, LLP, and Javier A. Lopez and Sergio E. Molina, for appellee.

Before, FERNANDEZ, MILLER and GORDO, JJ.

GORDO, J.

Steve Morales appeals the trial court's nonfinal order granting Reservoir Media Management's emergency motion for protection. Morales filed a verified motion to vacate a dissolution order for fraud on the court requesting reinstatement of the complaint. With the motion to vacate still pending, Reservoir requested a protective order against Morales. The trial court held a hearing and entered an order prohibiting Morales from: 1) contacting Reservoir or any of its investors, representatives, counsel or agents except in complying with the protective order; 2) making any threats or insults to or directed at Reservoir and its counsel; and 3) making any further filings unless and until Morales retained counsel and counsel made an appearance in the matter.

The order granting Reservoir's motion for protection is a nonfinal order. Rule 9.130, Florida Rules of Civil Procedure defines this Court's jurisdiction for reviewing nonfinal orders. Morales maintains this Court has jurisdiction pursuant to Rule 9.130(a)(3)(B)—appeals of nonfinal orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions." Fla. R. Civ. P. 9.130(a)(3)(B),

Florida courts have recognized that orders entered to regulate the conduct of litigants or to control proceedings before the court (i.e. protective or case-management orders) do not fall within the limited category of

appealable injunctions under Rule 9.130(a)(3)(B).  See Lamothe v. Sellars, 695 So. 2d 1259, 1260 (Fla. 4th DCA 1997) (holding that stayaway orders are not injunctions, but rather "protective or case management orders being used by the court to control the proceedings before it," and therefore, stay away orders are not reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), which authorizes review of non-final orders granting injunctions).

The trial court's order was unrelated to the relief sought in Morales' complaints.  Rather, it was protective or case-management related meant only to address Morales' escalating pattern of threats, harassment, misconduct and abuse of process.  An order that is designed to manage the conduct of litigation proceedings, rather than to grant or deny the substantive relief sought in the underlying complaint, does not become an injunction simply because it restricts a party's behavior during litigation.  See Fuller v. Sandler, 232 So. 3d 485, 485 (Fla. 3d DCA 2017) (dismissing appeal for lack of jurisdiction because stayaway order is a nonfinal, non-appealable order under Florida Rule of Appellate Procedure 9.130(a)(3)(b)—stayaway orders are not injunctions); Dyes v. Dyes, 454 So. 2d 746, 747 (Fla. 1st DCA 1984) (challenge to trial court's grant of a motion for protective order dismissed as not reviewable under Florida Rule of Appellate Procedure 9.130); Pescod v.

3

Wells Road Veterinary Med. Ctr., Inc., 748 So. 2d 1095, 1097-99 (Fla. 1st DCA 2000) (dismissing appeal of trial court's grant of a motion for a discovery protective order as not reviewable under Rule 9.130(a)—order is similar to a "stayaway" order which is not an injunction).

We therefore dismiss the appeal for lack of jurisdiction.

Dismissed.